**Order Entered on November 18, 2010 by Clerk U.S. Bankruptcy Court Southern District of California**

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

SANDALLO M. TELEBRICO

Debtor.

BANKRUPTCY NO. 10-07643-LA13
Date of Hearing: 11/15/10
Time of Hearing: 10:00 A.M.
Name of Judge: Margaret M. Mann

# ORDER AFTER HEARING TO SHOW CAUSE
## WHY INDYMAC MORTGAGE SERVICES; ONEWEST BANK, FSB; RANDALL S. MILLER & ASSOCIATES, P.C.; CHRISTOPHER J. HOO; BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; AND DARLENE C. VIGIL SHOULD NOT APPEAR BEFORE THE COURT TO EXPLAIN WHY THEY SHOULD NOT BE HELD IN CONTEMPT OR SANCTIONED

IT IS HEREBY ORDERED as set forth on the 8 continuation pages attached, numbered 2 through 8 for a total of 8 pages.

DATED: November 18, 2010

_____
Judge, United States Bankruptcy Court

DEBTOR: SANDALLO TELEBRICO                                          CASE NO: 10-07643-LA13

The evidentiary hearing on the Motion for Relief from Stay filed by OneWest Bank, FSB pursuant to an Order Regulating Pre Trial and Fixing Date for Evidentiary Hearing ("Pre-Trial Order") came before this Court on November 15, 2010.  Herbert Papenfuss appeared on behalf of OneWest Bank, FSB[1] ("Bank") and Greg Highnote appeared on behalf of Debtor Sandallo Telebrico.

This Court having considered:

1. The various exhibits admitted into evidence by the Debtor;

2. The testimony given by Marjan Mortazavi ("Mortazavi") on behalf of the Debtor;

3. The testimony of the Debtor admitted by declaration without objection or cross-examination;

4. The record in this case and in case 09-11533-LA13 also filed by the Debtor;

5. The arguments made by counsel at the evidentiary hearing; and

6. The Bank having proffered no witnesses or exhibits, either at the hearing or in compliance with the Pre-Trial Order.

THIS COURT FINDS AND HOLDS as follows:

1. The Debtor and HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR LUMINENT 2006-3, acting through its agent INDYMAC MORTGAGE SERVICES and ONEWEST BANK, FSB (collectively "the Bank") are parties to a loan in the original principal amount of $590,000 dated January 31, 2006 that is secured by the Debtor's principal residence located at 9261 Longridge Way, San Diego, California, 92126 ("Residence").  The Debtor and the Bank have been in loan modification discussions since early 2009, when the Bank approached the Debtor and offered a loan modification.

---

[1] The Bank's attorney stated that he believed that the Bank may no longer be in existence, having been taken over by Indymac Federal Bank.   However, the modification documents reflect that IndyMac Mortgage Services is a division of the Bank.

*Signed by Judge Margaret M. Mann November 18, 2010*

2. The Debtor had filed a previous case in this Court, 09-11533-LA13, on August 4, 2009 ("First Case").

3. On November 29, 2009, the Debtor's counsel mailed and faxed a loan modification package to the fax number specified by the Bank. The package was complete and contained all necessary items requested by the Bank's form package.

4. The package was submitted with an authorization letter from the attorneys to allow the Debtor to contact the Bank directly. The Debtor telephoned the Bank at least once each month thereafter. Bank representatives orally acknowledged receiving the package and advised the Debtor that the modification request was under review and to be patient. No representative of the Bank ever advised the Debtor during these conversations that the Bank needed additional tax or income documentation.

5. In the First Case, the Bank brought a Motion for Relief from Stay seeking to foreclose on the Residence without mentioning the pending loan modification. Bringing this motion may have been in violation of the Home Affordable Modification Program, as indicated in the frequently asked questions guidelines published by the United States Agencies such as the Department of the Treasury and the Department of Housing and Urban Development, www.makinghomeaffordable.gov. These guidelines directed to homeowners provide as of November 16, 2010:

    > "Participating servicers may not refer a loan for foreclosure sale or proceed with a foreclosure sale on an eligible loan until the homeowner has been evaluated for HAMP and, if eligible, a trial modification offer has been made. Participating servicers must use reasonable efforts to contact homeowners facing foreclosure to determine their eligibility, including in-person contacts at the servicer's discretion. Foreclosure sales may not be conducted while the loan is being considered for a modification or during the trial period."

6. The Debtor's opposition to the Motion for Relief from Stay filed on February 4, 2010 stated that

*Signed by Judge Margaret M. Mann November 18, 2010*

he had fallen behind on payments since the Bank had told him that his loan was in the final review process for the modification. Nevertheless, the Bank's special appearance attorney had no knowledge of the loan modification. The hearing was continued to March 17, 2010 for the Bank to determine the status of the loan modification.

7. On March 10, 2010, the Bank submitted a declaration by its attorney Darlene Vigil which stated based upon hearsay that the loan modification review was closed because the Debtor had not properly submitted all of the information necessary to the Bank. This declaration was false because the loan modification process was pending and the Debtor had submitted all necessary information to the Bank. The Court is unaware if Ms. Vigil did any investigation to determine the status of the loan modification.

8. The declaration submitted by the Bank in the First Case also attached a letter purportedly dated December 1, 2009 from the Bank to the Debtor requesting the tax form 4506-T and bank statements. The letter was not properly authenticated, nor was a proper foundation laid to admit it into evidence for the truth of the matter asserted. The letter was also incorrect since the Debtor had submitted a complete loan modification application, including the tax form 4506-T, and bank statements.

9. The Debtor testified he never received the December 1, 2009 letter and disputes that it was sent to him. The Bank had advised the Debtor that any facsimiles are received in a central fax location and cannot be reviewed for 72 hours. The Court finds sufficient discrepancies with the circumstances, content and appearance of the letter to overrule any presumption that the document was in fact received by the Debtor.

10. Based upon the record before it, the Court denied confirmation of the Debtor's plan and ordered the First Case dismissed. The dismissal order in the First Case was not entered until October 26, 2010.

*Signed by Judge Margaret M. Mann November 18, 2010*

11. When he learned of the existence of the December 1, 2009 letter in March 2010, the Debtor on April 1, 2010 though counsel, re-signed and re-faxed the loan modification package to the Bank. After representatives of the Bank advised the Debtor the Bank did not have the loan modification package after it was re-faxed, the Debtor faxed a complete loan modification package again. By this point, the Bank was in possession of three copies of complete loan modification packages.

12. On April 28, 2010, the Debtor received a response letter to his loan modification package from the Bank. The letter requested a completed hardship affidavit, new bank statements (since the ones submitted were older than 90 days), and a new rental agreement since the one submitted had expired. The problems noted with the loan modification package by the Bank were entirely of its own making and confirm that the Debtor's loan modification application was complete when it was first sent in November 2009. The need for updated information was created by the Bank not reviewing the first application until five months after it was submitted. The Court also notes that the hardship affidavit was complete in the first application. Nevertheless the Debtor gathered the requested information and faxed it to the Bank within a day. Receipt of the package was finally confirmed, and the Debtor was told that it was under review. However, no response to the updated information has ever been provided to the Debtor by the Bank.

13. The Debtor filed this second bankruptcy case ("Second Case") on May 3, 2010. The Debtor telephoned the Bank approximately once per month after the Second Case was filed.

14. On June 21, 2010, the Bank filed an objection to confirmation of the Debtor's bankruptcy plan in the Second Case. This objection was signed by Ms. Vigil on the ground that the Debtor did not have the means to cure the arrearage on the Bank's loan. The Debtor filed a declaration which did not dispute that fact, but instead requested a response to his pending loan

modification which could resolve the arrearage. In response to the Debtor's declaration, Ms. Vigil on July 20, 2010, filed a status report stating "Debtor now seeks a continuance in his Second Bankruptcy to allow additional time to complete loan modification paperwork." This statement was false since the loan modification package was complete and had been submitted to the Bank no less than three times. The Debtor's attorney on the same day filed a declaration of compliance that confirmed the loan modification paperwork was complete, and only a response from the Bank was necessary. The Court continued the confirmation hearing to October 27, 2010.

15. Rather than provide a response to the loan modification request that the Bank had solicited but then ignored for over a year, the Bank brought a Motion for Relief from Stay in the Second Case on August 26, 2010 signed by Christopher Hoo. The Motion for Relief from Stay did not mention the loan modification. The Debtor's response predictably was to once again mention he was awaiting a response to his loan modification package.

16. At the hearing on the Motion for Relief from Stay held on September 21, 2010, this Court ordered an evidentiary hearing on the status of the loan modification to be held on November 15, 2010. The Court followed up with a pre-trial order in which deadlines for exhibit lists and witness lists were set and a pre-trial telephonic hearing was set for November 10, 2010. None of the Bank's pre-trial obligations as set forth in the pre-trial order were satisfied.

17. Neither the Bank nor Mr. Hoo appeared at the telephonic pre-trial hearing. The Court located Mr. Hoo in his office and advised him the Court was contemplating sanctions for his client's failure to comply with its obligations regarding the pre-trial process. The Court also advised that Mr. Hoo had until noon on Friday, November 12, 2010 to comply with the pre-trial order.

18. Mr. Hoo timely filed a declaration before noon on Friday, November 12, 2010. However, it was full of misleading statements and hearsay, and lacked foundation. Specifically, Mr. Hoo's

*Signed by Judge Margaret M. Mann November 18, 2010*

declaration stated that "The last letter sent to Debtor stated that they were missing numerous documents" and "My client has not received anything since 6/3/2010." These statements, while not inaccurate if considered in a vacuum, give the misleading impression that the Debtor had failed to responsibly pursue a loan modification with the Bank. Mr. Hoo's declaration failed to either refute or acknowledge what he should have been aware of given the numerous declarations filed by the Debtor and his counsel: that the Bank had received a complete loan modification package three times before April, 29, 2010, that no further documents were necessary, and that it was the Bank's responsibility to make a decision on the loan modification. Mr. Hoo further stated that "[t]he bankruptcy/foreclosure department was thus advised to move forward with foreclosure" possibly without investigating whether that decision was based upon incomplete or wrongful information.

19. The Court issues this order to show cause ("OSC") to determine the facts regarding the Bank's misrepresentations made to the Court and its failure to comply with this Court's pre-trial orders. The Court will also consider the imposition of sanctions. This OSC is issued pursuant to this Court's authority under 28 U.S.C. § 157, 11 U.S.C. §105, Bankruptcy Rule 9011(c)(1)(b) and the Court's inherent power to monitor the proceedings before it for the benefit of the Court, the profession and the public. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 47 (1991).

20. Based upon the facts set forth above, the Court is concerned that the Bank and/or its counsel have provided information that was either intentionally or recklessly false and misleading. In three pleadings filed with this Court, the Court was given the false impression that it was the Debtor, not the Bank that was failing to responsibly complete the loan modification process. This false impression may have given for an improper strategic purpose: for the Bank to foreclose on the Debtor's residence without complying with their obligations under HAMP to consider whether the loan modification should be approved. Based upon HAMP guidelines

*Signed by Judge Margaret M. Mann November 18, 2010*

found at www.makinghomeaffordable.gov,[2] the Debtor may well be eligible for a loan modification.

21. The Court also must determine what sanction may be appropriate. While the presentation of evidence on the Motion for Relief From Stay is concluded, the Court has continued the hearing on the Motion for Relief From Stay until December 13, 2010 at 9:30 for its ruling to be made in conjunction with the OSC hearing. Among the sanctions that the Court is considering pursuant to Bankruptcy Rule 9011(c)(1)(b) are: 1) monetary sanctions for the Debtors' damages due to the actions taken on behalf of the Bank before the Court; 2) striking the Bank's opposition to Plan confirmation and its Motion for Relief from Stay.

22. The Court is not considering assessing monetary sanctions to punish the Bank or its counsel, but only to compensate those injured by its actions.

23. The Court will also consider any mitigation evidence at the OSC hearing.

THEREFORE, good cause appearing, the Court orders as follows:

a. INDYMAC MORTGAGE SERVICES; ONEWEST BANK, FSB; RANDALL S. MILLER & ASSOCIATES, PC; CHRISTOPHER J. HOO, BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP and DARLENE C. VIGIL ARE HEREBY ORDERED to appear on **December 13, 2010 at 9:30 a.m.** in Department 1, Room 218, Jacob Weinberger United States Courthouse, located at 325 West F Street, San Diego, California 92101-6991, and show cause why the Court should not impose sanctions as described above.

---

[2] The qualifications stated in these guidelines are that the Debtor's:
 - home is his principal residence;
 - received his mortgage on or before January 1, 2009;
 - has a mortgage payment (including principal, interest, taxes, insurance and homeowners' association dues) that is more than 31 percent of his current gross income;
 - owes an amount that is less than or equal to $729,750 on the first mortgage; and
 - has a documented financial hardship.

*Signed by Judge Margaret M. Mann November 18, 2010*

b.  Any response to this OSC shall be filed with the Court and served on the Debtor and the Chapter 13 Trustee no later than December 6, 2010. Declarations submitted in support of the response, as well as the exhibit list and witness list for the OSC hearing shall also be filed and served by all parties no later than December 6, 2010.

It is so ordered.

*Signed by Judge Margaret M. Mann November 18, 2010*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In re Sandallo M. Telebrico
Bankruptcy Case No. 10-07643-LA13

## CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

**ORDER AFTER HEARING TO SHOW CAUSE WHY INDYMAC MORTGAGE SERVICES; ONEWEST BANK, FSB; RANDALL S. MILLER & ASSOCIATES, PC; CHRISTOPHER J. HOO; BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; AND DARLENE C. VIGIL SHOULD NOT APPEAR BEFORE THE COURT TO EXPLAIN WHY THEY SHOULD NOT BE HELD IN CONTEMPT OR SANCTIONED**

was enclosed in a sealed envelope bearing the lawful frank of the Bankruptcy Judges and mailed to each of the parties at their respective address listed below:

Mr. Joseph Otting
c/o IndyMac Mortgage Services
President and CEO
OneWest Bank, FSB
888 East Walnut Street
Pasadena, CA 91101
**(Certified Mail)**

Mr. Joseph Otting
President and CEO
OneWest Bank, FSB
Corporate Headquarters
888 East Walnut Street
Pasadena, CA 91101
**(Certified Mail)**

Mr. Brandon Latman
First Vice President
IndyMac Mortgage Services,
A Division of OneWest Bank, FSB
2900 Esperanza Crossing
IndyMac – 4
Austin, TX 78758
**(Certified Mail)**

Mr. Thomas H. Billingslea
530 B Street, Suite 1500
San Diego, CA 92101

*Signed by Judge Margaret M. Mann November 18, 2010*

Mr. Randall S. Miller, CEO
Randall S. Miller & Associates, PC
43252 Woodward Avenue
Suite 180
Bloomfield Hills, MI 48302

Mr. Christopher J. Hoo
Randall S. Miller & Associates, PC
15165 Ventura Blvd., Suite 330
Sherman Oaks, CA 91403

Mr. Edward A. Treder, Partner
Barrett Daffin Frappier Treder & Weiss, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, CA 91765

Ms. Darlene Vigil
Barrett Daffin Frappier Treder & Weiss, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, CA 91765

Mr. Sandallo M. Telebrico
9621 Longridge Way
San Diego, CA 92126

Mr. Marjan Mortazavi
501 West Broadway
Suite 510
San Diego, CA 92101

Said envelope(s) containing such document were deposited by me in a regular United States mail box in the City of San Diego, in said district on November 18, 2010.

*Michele McConnell*
Michele McConnell, Judicial Assistant

*Signed by Judge Margaret M. Mann November 18, 2010*